All right, our next case on the docket is 5-24-0644, Global v. Tanner. Appellant, if you are ready to proceed, you may do so. Matthew Slam on behalf of the appellant, I'd like to begin by apologizing to the court. I have a slight speech impediment that's brought on by Parkinson's disease. It's not too bad, but if anything I say is hard to understand, please ask me to clarify. To understand why the tax buyer's reasoning is wrong in this case, it's critical to understand the life cycle of an LMI tax sale. When a tax buyer buys a tax on a parcel of property, the county clerk will issue a certificate of purchase to the tax buyer. From that point on, the burden is on the tax buyer to do everything needed to get a tax deed. The tax buyer must prepare and file a petition for tax deed, prepare four sets of notices, and place them for service on the owners and other interested parties. If the tax buyer complies with those requirements and the sale is not redeemed, the court will issue an order directing the county clerk to issue a tax deed. The tax buyer must deliver that order to the county clerk who will issue the tax deed. The tax buyer must record that tax deed within one year after the last date of redeeming. There are several scenarios in this process in which Section 2285 may apply. The first is where the tax purchaser fails to file a petition for tax deed or fails to serve the necessary notices. The second scenario is where the tax buyer files a petition for tax deed but fails to prove up his case. The third scenario is where the court enters an order directing the issuance of a tax deed, but the tax buyer either fails to cause the county clerk to issue a tax deed or obtains a tax deed but fails to record it. In its plain and clear language, Section 2285 applies in all of these scenarios. That is the expressed intent of the General Assembly. The General Assembly thought that Section 2285 was so important that it required that every certificate of purchase and every tax deed must recite the one year requirement. All right, counsel, can we stop you there for just a moment? So, it's my understanding from the record that there was an extension for the redemption date. Is that correct? In order of purporting to extend the redemption, it came too late. Okay, but there was an extension of the redemption. Let me, I'll get to the timing of that in just a moment, okay? But you agreed that there was an extension of the redemption period. I said that the court entered an order purporting to extend the redemption period, but that order... And that during that extended period, whether it was right or wrong, that extended period is when the tax deed was in fact issued. Is that correct? Yes.  So, technically, the tax deed was issued during the redemption period. Wouldn't it be the challenge that the redemption period itself was wrong? By operation of law, the initial redemption period for the tax sale is two years from the date of the tax sale. When two years came and went with no extension had been filed, it became impossible to extend the redemption period after that date. But it was. But it was, in fact, extended, correct? I was saying an order was entered purporting to extend it, but that order was invalid. What I'm getting at, I suppose, is that could it be that the, I know you said that the tax deed must be filed within the year, and it was filed during a redemption period. What I'm getting at is wouldn't the avenue to attack the tax deed, wouldn't it really be to vacate the redemption period, or the order extending that redemption period? Here's the reason why I went through the scenarios in which Section 85 can apply. The statement does not make a distinction between cases in which a petition for tax deed is filed and cases in which it hasn't been filed. In a situation where the taxpayer buys the taxes and doesn't file a petition for tax deed, or doesn't serve the necessary notices, there's no opportunity to go into court to challenge the redemption period. There's no order to be attacked. But you can extend the redemption period. You just have to do it before the prior redemption period expires. Is that correct? Correct. All right. And in this case, they did it after the redemption period expired. All right. But then they did file the tax deed once there was a redemption period, correct? Well, they didn't record a tax deed. We'll call it a wrongfully extended redemption period. Let's call it that. I guess the thing is wrongfully extended and not extended is semantic. But yes, I understand your point. Okay. All right. So help me understand from the record, is the tax case is still pending, correct? We're here on the motion to dismiss the quiet title action. Is that right?  Okay. And the court's subsequent ruling on that and the motion to reconsider. But what is pending? What is exactly pending with relation to the tax case, the tax deed? Oh, okay. We have found a separate case, Section 214.1 of the Code of Civil Procedure, alleging one of the grounds set forth in Section 23-45, which is that the tax deed was obtained by fraud. Okay. And nowhere on the record did I see that actual petition. Is that accurate? That's right. That's happened before the court on the appeal. And I'm a little confused by that because there's also an agreed motion to consolidate the quiet title action and the tax case. Were they consolidated? The judge said he consolidated them for purposes of discovery, but not for all purposes. Okay. So there still is pending this other separate matter, correct? You're calling it a separate matter? Yes, correct. It was found in a separate case with a separate case number and the individual of the court. All right. But you agree, though, that it arose out of the same incident or claim? I mean, it arises from a tax sale. Well, it arises from a tax sale. That's true. But they're very, very different issues in the two cases. In this case, the question is whether or not the tax sale became null and void when two years passed and there's no extension. But isn't that the same issue in the tax case? No, no. In that case, the question is whether or not the tax buyer procured the tax through fraud on the court. The allegation that the lawyer for the tax buyer, not counsel here today, but different counsel, misrepresented the statute to the court and left off an important clause in the statute and procured the tax based on fraud. All right. And you've seen the brief of the appellee. They're arguing that these were, in fact, and I believe they argued in front of the trial court, that these were, in fact, two separate claims that have to be resolved together under, I believe it was 619A3. They make a 619A3 claim. Did the trial court rule on the 619A3 motion? I don't think it was. There wasn't such a motion, I don't believe. There's no motion that can consolidate the cases. Okay. It was argued, but not in the actual motion. Correct. All right. Thank you. Going back to what I said, the third scenario, which we have here, is where the court enters an order directing the issuance of a tax deed, but the tax buyer either fails to cause the county to issue a tax deed or obtain the tax deed and fails to record it. In its plain and clear language, Section 2285 applies in all these scenarios. That's the express intent of the General Assembly. You can't have one rule for cases in which a tax deed position was filed. You can't have one rule for cases where it can't. I'm just going to say, the General Assembly thought that Section 2285 was so important that it required that every certificate of purchase and every tax deed must recite the one-year requirement. By the way, I was taught when I became a lawyer that a deed did not have to be recorded to be valid. In the parties, unrecorded deed is valid. That's true. Every deed except a tax deed. Thanks to Section 2285, a tax deed is not valid unless and until it's recorded within the one-year period. The Appellee's Argument has two practical problems. First, it will leave many parties without a remedy. For example, I was approached earlier this month by a woman who owns property on which the taxes had been sold. The court entered an order directing issuance of a tax deed, but the taxpayer never obtained or recorded the tax deed within the one-year period. She has no remedy under Section 214.01 or Section 22-45, because none of the grounds listed in 22-45 apply to her case. There is no basis for arguing that the tax deed was procured by fraud and intended to file a quiet penalty action under Section 2285. The taxpayer's second problem is that it does not explain why the General Assembly would have enacted Section 2285 if it only applied to cases for which there's already a remedy. The simple answer is it didn't. But I have to correct one error in the Appellee's brief. In the first full paragraph on page 5, August 19, 2022, which should read September 7, 2022. The taxpayer argues that the tax deed was timely and recorded, but the initial period of redemption is fixed by law. As I said, it expired on November 5, 2021. The taxpayer could have filed a notice with the county clerk prior to that date, extending the redemption period up to three years from the date of the tax sale, but it did not do so. Or the taxpayer could have filed a petition for tax deed prior to November 5, 2021, but it did not do so. The taxpayer did not file a petition for tax deed until January 11, 2022. Since he did not take out and record a deed on or before November 5, 2022, any tax deed made by the county clerk as a result of those tax sales is, quote, absolutely void with no right to reimbursement under section 23, sub 25. There's a lot of time devoted in the briefs to the Kasselman cases, the one that this Court entered and the Supreme Court case. It's a very complicated set of facts. I think it's a good example of the old saying that hard cases make bad law. I think in those two cases, there's a lot of different issues that are brought up that are very fact specific. In the end, the Supreme Court ruled on different grounds from this Court's grounds. And so there's very little precedential that can be drawn from those two cases. I'll say that one can imagine a different version of section 2385 that excluded claim under that section if a tax deed had been issued. If that deed is to be made, it must be made by the General Assembly, not by this Court. In the case that the Court cited, the Surin case, in that case, the Court cited the impounder for the Court to deliver a restriction on a statute that does not appear in the statute itself. The Court said, even though we may believe it is a matter of apparent legislative oversight, we will not endeavor to correct the oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language. The Court in the Cancelling case before this Court, like the Court in Surin, made the mistake of rewriting the statute in a manner inconsistent with its clear and unambiguous language. And the trial court in this case made the same mistake. The quiet title is an appropriate remedy for the non-violation of section 2385. The Court said, a void judgment may be attacked at any time, either directly or collaterally. The Court said it is a duty to vacate and expunge void orders from the Court records. Section 214.1f of the Code of Civil Procedure provides that nothing contained in this section affects any existing right to relief from a void order or a judgment. As the trial court held, 214.1f positions those avoidance as exempt from the general requirements of section 214.1 petitions. My time is about to run out. I would say the Court, these are void not for lack of jurisdiction, but because the General Assembly said it's void. The express language of section 2385 says no one void with no right to reimbursement. It's not because the Court didn't have jurisdictions, because the General Assembly has said this is the answer to a case like this. Thank you. Any further questions for Mr. Shelby?  Good morning. May it please the Court. I'm going to just raise five highlights from our brief and then respond to a few comments that were made by Mr. Flam. The tax deed was recorded within one year of the extended redemption period. There's no order that is holding that that extension period is invalid. That order is enforceable. It was enforced by the Court. Let me stop you there, Kim. All right. So you heard the questions that I asked at the Appellate's Council. So the tax deed was in fact filed and recorded during the extended redemption period, correct? So the redemption period was extended until November of 2022. So the statute provides the deed has to be recorded within one year of that date. The order issuing or the order from the trial court directing the circuit clerk to issue the tax deed was not entered until November 18th of 2022, which is after this one-year date that Appellant is raising. The Appellant in that case never filed any objection throughout the entire tax deed process. They had notice of the tax deed proceedings. But I'm trying to get the timing. There was an extended redemption period. Is that correct?  And then the tax deed was then filed or the order for the tax deed was filed during that extended period. Is that correct? It was within one year. So the period was extended and then the order issuing the tax deed was November 18th, 2022. And then the deed was recorded May 18th of 2023. So it was within that year. All right. I think the issue though, if we back up, is the extension of the redemption period. The order extending the redemption period. Do you agree that it was done so after the period of redemption expired initially? Looking at the language of the statute, yes, it was filed after that date. The county actually objected to the petition or the motion for extension of the redemption period and raised these issues to the trial court. But we don't have that record here because that's in the tax case, correct?  And that's where it should be. That's where it should be. And that's our point here is this is not appropriate for quiet title. Because the tax deed was recorded within the period of the extended redemption period. They are now under their 214-01 motion or petition to vacate in the tax deed case. They're seeking to assert that the tax deed was obtained fraudulently by that request. Because that's the year in that would be allowed under a 214-01 motion essentially, correct? Correct. All right. Which is not before this court because it's in a separate case. It's still pending, correct? Correct. All right. And I don't have access to that record, obviously, right? Right. So the issue in this case, the quiet title action that was also brought, okay, is not necessarily that the tax deed wasn't filed timely. It was just that the redemption period was not timely extended. Is that an accurate statement? I don't believe that's what the plaintiff filed. I don't think that's the basis of their complaint in quiet title. Their basis is it wasn't recorded within that one year of the original redemption period. Yes, they state some facts that say, you know, that they don't think it should have been extended. But that's not relief that they're seeking in the quiet title matter. And nor is the quiet title the appropriate procedure to pursue that. They need to pursue that in the tax deed case. And there's case law that is cited to support that 2245 is the exclusive remedies for those orders in the tax deed case for what happened there. And so in order to contest the tax deed, those orders that extended the redemption period, which is what they're trying to do in that tax deed case right now, they need to pursue that in that case. That's what the property tax code provides. So there was a claim then under 2-619A3 that there are two separate causes of action. Correct. That arise from the same incident, the tax sale, correct? And you're alleging that the case should have been, this case should have been dismissed for that reason alone, is that correct? That is a second basis that we raised in our reply in support of our motion to dismiss. Because there is this other case pending, it does involve the same parties, the same subject matter of the same sale. And it just relies so much on these timelines, relies so much on the decisions that were made in that case and are still being made in that case because it's still pending. And then it predates the quiet title action. I mean, the tax deed case is 2022. Plaintiff has been a party to that the entire time. They've gotten notice of everything. They never responded until after the tax deed was recorded. They came back later that fall and said they filed this case, the quiet title case, and then they filed a petition to vacate after that. So during, they never, when they're saying, when they have said that they are left without a remedy, that's just not true because they had remedies along the way. They just didn't use them. 2245 specifically sets forth things they could have done along the way. They could have objected to any of those orders. They could have come to court and said, no, you can't extend the redemption period. They never filed an objection. They never filed any motion to vacate or reconsider within 30 days after any of those orders were entered, including the order that was directing the circuit court to issue the tax deed, which was entered November 18, 2022. They didn't file anything after that. So they are not left without a remedy. They have remedies. They may have run out of time to use those remedies. But with the quiet title action, the cases that we cited in our brief and that were raised before the trial court is that quiet title is not a recognized cause of action for contesting a tax deed, which is what they're trying to do here. Which case specifically says that on point? Is there a case that actually says quiet title action is not an appropriate remedy? Well, I think what they've raised is that there's nothing specific about 2285 and quiet title. So the cases in our brief that are cited don't specifically address 2285. So what they say is that 2245 sets forth the exclusive remedies that is the exclusive ways to contest a tax deed. Which again is not before this court necessarily, the tax sale.  Okay. Correct. But what is before the court is their complaint in quiet title is based on their allegation that the tax deed was not recorded within one year of the original redemption period. And so therefore to get to, because we do know there's orders extending the redemption period, that was not before the court and then quiet title. They need to go back to the tax court case, which is what they're doing, to address those orders. And so the SI resources case or the councilman case that was cited by the parties, and that was cited by the trial court as persuasive in their decision to dismiss this. Is it the same judge presiding over both the tax case and quiet title? It is. Yes. He is presiding over both. Originally, his original decision before the motion to reconsider was based on Castleman. And I agree with closing counsel that some of these cases are very fact specific. Nothing is exactly on point with our case. But as far as Castleman goes, the difference in that case too was that there was a petition to vacate that was granted by the court. So we don't have that here. And then in the SI resources or the Castleman case, I'm sorry, what I just said was about the city mortgage case. I'm not sure if I misspoke. But the Castleman case or the SI resources case, which was before this court and which the judge often had found persuasive, looked at this 2285, didn't really make a determination as to whether, you know, how could someone pursue a remedy under 2285, depending on the facts. It really looked at 2245 sets forth the exclusive remedies. And then when this case went up to the Supreme Court, the court, again, affirmed the decision on other matters. But that case dealt also with a tax deed that was issued to the wrong party. So it was issued timely but to the wrong party. And then there was a dispute about whether that triggered 2285. And what the Supreme Court did note in that case is that errors that were by the court or the clerk, as far as that timing goes, do not equate to avoid deed. And so in that case, the clerk issued it to the wrong person. It was recorded. And then later was, I believe, then deeded to the correct person. But there was an issue of timing. And the court said, well, those were some errors made. The orders were followed. And in this case, we have the same thing. Our client followed the orders of the court and timely recorded this. So we would ask this court to affirm the decision of the trial court. Judge Goffman's decision was based on using SIA resources as persuasive. And that quiet title wasn't the appropriate remedy. Because 2245 provides the exclusive remedies for contesting a tax deed. And the other basis that we did raise was 619.83, which is that there's already a pending action where we're dealing with the same issues as in the present case. It predates that. The motion for consolidation was cited by us because it shows that both parties agreed we're kind of dealing with the same thing here. And Judge Goffman had ordered, and I'm not sure where that appears in that record, or if it appears in this record, there was a little bit of time period where things were somewhat consolidated. And so I don't know if the record's exactly clear, but that it was only consolidated for discovery purposes. And that these cases were separate. But we cited that to show that the parties agreed at one time that we're really dealing with the same issues here. And so... But in your motion to dismiss, though, you didn't list out the 2-619.83 claim. That was only in a later response or reply. Is that accurate? Yes. Okay, thank you. Yes. And that's not cited by Judge Raffinette as a reason, but we are raising that as another issue that was before the court and we believe would also justify affirming the trial court's decision. So for all of these reasons, we would ask that the court affirm the trial court's decision. Is there any questions? Okay, thank you. Some cases qualify for relief under Section 2245. Some cases qualify for relief under Section 2285. Some cases qualify for relief under both of those sections. This isn't such a case. The two cases are not the same. This case rests on the complaint of the quiet title. There's no argument that the tax deed was procured by fraud. In fact, it would need to be a tax deed. If, in fact, the tax buyer has not even filed a petition for tax deed, That matters to a penalty, though. We don't know if there was fraud or not. That matters to me in the trial court and not before us, correct? Correct. If the court grants a Russian, in this case, an appeal, that case would become moot because the tax debt was null and void as of the one-year period expiring. The other case would become moot. I guess my concern is because of one hinge on the other. No, absolutely not. Absolutely not. If there's no allegation of fraud, there would still be a claim that the tax deed was null and void by operation of Section 2285. And if there were no 2285 complaint, there would still be a complaint based on fraud. There are absolutely two different cases. And the remedies are different, too, which is that if we win on the fraud case, Section 2280 requires us to pay the taxes, penalties, and court costs that the tax buyer has paid, whereas Section 2285 says null and void with no right to reimbursement. Different remedy, different facts, different law. If they both arise out of the same tax sale, otherwise, they're completely different cases. Can counsel refer to Section 2245 as being exclusive? It's not exclusive. It's almost exclusive, but it isn't quite exclusive. Section 214.01f of the Code of Civil Procedure provides, I quote, nothing contained in this section affects any existing right to relief from a void order or judgment or to employ any existing method to procure that relief. This is the case for quiet title. Quiet title is remedied to the existence before the property tax. It goes back to English common law. It's an existing—that's what the court was referring— the general assembly was referring to in Section 214.1f. It's a form of relief other than 2245. The trial court in its first decision, its February 16th decision, said a Section 214.1f petition alleging voidness is exempt from the general requirements of Section 214.01 petitions such as alleging a meritorious defense and due diligence, said in the Sarkeesian case. That is this case. This case alleging voidness is not bound by the limitation of Section 2245 or 214.01. I'll point out that three courts have agreed with our petition on this. The CCPI case, the city mortgage case, and Judge Gotham's first decision in this case are all consistent, clear, and correct. And this court should follow those precedents. For all those reasons, we ask that the affiliates be granted the motion to dismiss being denied in the case we return to the trial court. Thank you. Any final questions? No. Thank you, counsel. Thank you. It's just a matter of advice and an issue of ruling and due course.